**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**GULF COAST BANK AND TRUST
COMPANY**                                                                                    **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 2:11-CV-88-KS-MTP**

**SAM WILLIAM STINSON**                                                              **DEFENDANT**

### Memorandum Opinion and Order

For the reasons stated below, the Court **denies** the Motion to Dismiss [5] filed by Defendant Sam William Stinson.

### I. Introduction

Stinson Petroleum Company ("Stinson Petroleum") sold gasoline to convenience stores and other businesses. In or about May 2005, Stinson Petroleum entered into the first of multiple "Receivables Purchase Agreements" ("RPA's") with Plaintiff, pursuant to which Plaintiff provided funds in exchange for the assignment of all Stinson Petroleum's accounts receivable. The most recent RPA was executed on August 1, 2008. Stinson Petroleum represented in the RPA that the accounts assigned to Plaintiff were "bona fide existing obligations created by the sale and delivery of goods or the rendition of services in the ordinary course of" its business; that all of the accounts were unconditionally owed to Stinson Petroleum; and, therefore, that they would be paid without dispute. Stinson Petroleum's credit limit was determined based upon a percentage of the total balance of their accounts receivable less unpaid advances.

Each month, Stinson Petroleum sent Plaintiff a statement of its accounts receivable. The

statements purportedly reported the current account balance for each Stinson Petroleum customer and certain payment history information. Each statement included a representation signed by a representative of Stinson Petroleum that the accounts receivable were assigned in accordance with the RPA, that all goods and services had been delivered, and that there were no existing offsets to the accounts receivable included in the statement. Defendant was an officer and shareholder of Stinson Petroleum. He directed and oversaw the management of Stinson's books and records, and he was primarily responsible for submitting the monthly statements to Plaintiff.

On August 4, 2009, Stinson Petroleum filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Mississippi. On August 20, 2009, the Bankruptcy Court ordered a neutral third party to analyze Stinson Petroleum's books and reconcile its actual accounts receivable with the statements it had provided to Plaintiff. Throughout the course of the bankruptcy litigation, it became apparent that the statements submitted to Plaintiff by Defendant had substantially overstated the value of the accounts assigned under the RPA.

Plaintiff alleges that from early 2008 through August 2009, Defendant knowingly submitted statements which significantly overstated the account balances of numerous large account customers of Stinson Petroleum for the purpose of increasing the amount of money Stinson Petroleum could borrow. Plaintiff alleges that Defendant knew or should have known that the statements contained false representations, and that it relied upon the representations in advancing funds to Stinson Petroleum. Accordingly, Plaintiff has brought causes of action for fraud and, alternatively, negligent misrepresentation. Plaintiff contends that it has suffered actual damages in the amount of $4,139,556.60. It also requests $10,000,000.00 in punitive damages, plus interest, fees, and costs.

**II. DISCUSSION**

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246 (punctuation omitted).

**A.     *Res Judicata***

Defendant first argues that Plaintiff's claims are barred by res judicata. The Fifth Circuit Court of Appeals has held that "generally, a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 n. 2 (5th Cir. 2005). However, "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reinsurance Co. v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1367 (5th Cir. 1994).

Of course, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Furthermore, when addressing a 12(b)(6) motion, the Court "may also consider matters of which [it] may take judicial notice." *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). This includes matters of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007). Accordingly, the Court may consider all of the exhibits presented by the parties in briefing the present 12(b)(6) motion, as they all are either matters of public record or part of the pleadings because they were referred to in the Complaint and are central to Plaintiff's claims. Therefore, "[i]f, based on facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008).

"Federal law determines the res judicata effect of a prior federal court judgment." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct LLC v. Dyson Inc.*, 560 F.3d 398, 401 (5th Cir.

4

2009). "Four elements must be met for a claim to be barred by res judicata: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Id.* (punctuation omitted).

    1.    *Stinson Petroleum's Bankruptcy Proceeding*

    Defendant first contends that Plaintiff's claims are barred by the res judicata effect of Stinson Petroleum's bankruptcy action. However, Defendant has failed to demonstrate that all the elements listed above have been satisfied with respect to that proceeding. Indeed, it is unnecessary for the Court to proceed beyond the first element – the identity of the parties in the two actions.

    It is undisputed that Plaintiff is a creditor in the bankruptcy action, but Defendant is not a party in that case. Defendant argues that he is identical to Stinson Petroleum by virtue of his position as an officer and stockholder in the company. "To satisfy the identity element, strict identity of parties is not necessary. A non-party defendant can assert res judicata so long as it is in 'privity' with the named defendant." *Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). Generally, "[s]tockholders and officers are not in privity to and are not personally bound by judgments against their corporations." *Dudley v. Smith*, 504 F.2d 979, 982 (5th Cir. 1974). "A stockholder may be in privity with his corporation, however, such that a judgment against the latter is res judicata as to the former, if the two are found to be alter egos." *Id.*

    Defendant has not argued or presented any evidence that he and Stinson Petroleum are mere alter egos of one another. Therefore, he has not presented the Court with any grounds for finding that he is personally bound by the bankruptcy judgment as to Stinson Petroleum. Accordingly, any judgment entered in Stinson Petroleum's bankruptcy proceeding has no res judicata effect on the

present matter. *See Howell Hydrocarbons v. Adams*, 897 F.2d 183, 187-90 (5th Cir. 1990) (corporate representatives of debtor corporation were not in privity with corporation for purpose of applying res judicata to fraud suit against them following the conclusion of the corporation's bankruptcy).

      2.    *Leon Stinson's Breach of Contract Case*

      In 2005, Leon Stinson – Defendant's father, and a shareholder of Stinson Petroleum – provided Plaintiff with a personal guaranty of Stinson Petroleum's obligations under the RPA. After it became evident in the bankruptcy proceeding that Stinson Petroleum's accounts receivable were not as extensive as had been represented, Plaintiff filed a breach of contract action against Leon Stinson related to the personal guaranty he executed. That case was ultimately settled, and this Court entered an Agreed Final Judgment on September 27, 2010. *See Gulf Coast Bank & Trust Co. v. Stinson*, No. 2:09-CV-195-KS-MTP (S.D. Miss. Sept. 27, 2010). Defendant argues that this action is barred by the res judicata effect of the agreed order entered in that case. However, Defendant has again failed to demonstrate that all four of the elements of res judicata are present. The Court shall only address one of the four elements – whether there was a final judgment on the merits in the prior action.

      "[T]here are circumstances where a settlement agreement approved and embodied in a final judgment of the court is entitled to full res judicata effect. Res judicata applies where the parties to a settlement objectively manifest an intent to cement their agreement with claim preclusion." *Liberto v. D.F. Stauffer Biscuit Co.*, 441 F.3d 318, 326 (5th Cir. 2006). The Agreed Final Judgment in the Leon Stinson case contains no "clear statement regarding res judicata." *Id.* Furthermore, it "does not tacitly adjudicate the merits" of the breach of contract claim at the heart of that matter. *Id.* at 327. The Court did not address the substantive issues raised in the Complaint or make any legal or factual

6

findings. Rather, the order merely formalized the parties' settlement agreement. Therefore, the order was "final only in its name" and in the practical sense that it brought that particular case to an end. *Id.* at 328. It has no res judicata effect on the present matter.

**B.     *Collateral Estoppel***

Defendant also argues that the present action is barred by collateral estoppel, or issue preclusion. Defendant contends that the issues in this case have already been litigated in the Leon Stinson breach of contract case. "When a federal court sitting in diversity is considering the collateral estoppel effect of a prior federal judgment, this Circuit applies federal common law." *Rabo Agrifinance, Inc. v. Terra XXI LTD*, 583 F.3d 348, 353 (5th Cir. 2009). "To establish collateral estoppel under federal law, one must show: (1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has actually been litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action." *Id.* "A consent judgment ordinarily does not give rise to issue preclusion because the issues underlying the judgment are neither actually litigated nor necessary and essential to the judgment." *Hughes v. Santa Fe Int'l Corp.*, 847 F.2d 239, 241 (5th Cir. 1988). "However, consent judgments will be given preclusive effect if the parties manifest such an intention." *Id.*

As noted above, the parties in the Leon Stinson breach of contract case did not manifest any intent that the agreed judgment entered therein should be given preclusive effect. Furthermore, the Court made no factual or legal determinations. Accordingly, Defendant's collateral estoppel argument fails.

### III. CONCLUSION

For the reasons stated above, the Court **denies** Defendant's Motion to Dismiss [5]. SO

ORDERED AND ADJUDGED on this the 9th day of January, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE