IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**GULF COAST BANK AND TRUST COMPANY**                                        **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 2:11cv88-KS-MTP**

**SAM WILLIAM STINSON**                                                           **DEFENDANT**

## ORDER

THIS MATTER is before the Court on the Plaintiff's [22] Unopposed Motion to Extend Scheduling Deadlines. The motion suggests an extension of "90 days or such time as the Court deems appropriate." The [14] Case Management Order was entered February 22, 2012. For the reasons which follow, this [22] motion must be denied.

The only reason given for the proposed extension is that a Settlement Conference was held on April 23, 2012 and "[t]he parties are working to resolve the claims as discussed in the Settlement Conference and additional time is needed to do so." A settlement was not reached at that conference.

That the parties hope to settle does not constitute good cause to amend the scheduling order. *Rivera v. County of Willacy*, 2007 WL 1655303, at *1 (S.D. Tex. June 6, 2007) ("[A]lthough the Court finds the parties' settlement efforts commendable and encourages the continuation of their negotiations, the mere possibility of settlement does not meet the standard of good cause for amending the Court's scheduling order. Furthermore, the parties provide no explanation as to why their settlement discussions will prevent them from meeting the deadlines established in the scheduling order.") (internal citation omitted); *Moreno v. Poverty Point Produce, Inc.*, 243 F.R.D. 275, 276 (S.D. Tex. 2007) (where parties were engaged in serious settlement negotiations, "[t]he mere possibility that the parties may settle this case at some future time . . . is too speculative for this

Court to base a decision to extend the deadlines a second time on that basis alone."). Were it otherwise, this Court would be faced with moving deadlines after every settlement overture with no progress being made to prepare the case for trial.

    Accordingly, **IT IS ORDERED**:

    Plaintiff's [22] Unopposed Motion to Extend Scheduling Deadlines is **DENIED**.

    **SO ORDERED** this the 10th day of May, 2012.

                                            s/Michael T. Parker
                                            United States Magistrate Judge